**NOT FOR PUBLICATION**                                                                                           **CLOSED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____
                                                                      :
MEKIKI CO., LTD, and MEKIKI                         :
CREATES CO., LTD.,                                       :
                                                                      :
        Plaintiffs,                                          :        Civil Action No. 09-745 (JAP)
                                                                      :
        v.                                                        :        **OPINION**
                                                                      :
FACEBOOK, INC.,                                             :
                                                                      :
        Defendant.                                          :
_____:

PISANO, District Judge.

      Presently before the Court in this patent infringement action is a motion by Defendant Facebook to transfer this matter to the Northern District of California pursuant to U.S.C. § 1404(a). The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth herein, Facebook's motion to transfer venue to the Northern District of California is granted.

    I.    **Background**

      On October 7, 2009, Mekiki Co. and Mekiki Creates Co. ("Plaintiff" or "Mekiki") brought suit against Defendant Facebook alleging infringement of three patents: U.S. Patent No. 6,879,985, U.S. Patent No. 7,493,342 and U.S. Patent No. 7,496,603, entitled "Human Relationships Registering System, Method and Device for Registering Human Relationships, Program for Registering Human Relationships, and Medium Storing Human Relationships Registering Program and Readable by Computer." Complaint, ¶¶ 10-12. Plaintiff alleges that Facebook's social networking site utilizes Plaintiff's patented social networking intellectual

1

property by (1) allowing users to establish relationships with a friend of an existing friend, (2) identifying to users mutual friends shared with that user and (3) suggesting potential new friends to users. *Id.* ¶ 6. On December 28, 2009, Defendant Facebook filed its Answer and Counterclaims denying infringement and seeking a declaratory judgment of non-infringement, invalidity and unenforceability of the Plaintiff's patents. *See* Answer to Complaint.

Plaintiff is a company registered under the laws of Japan with its principal place of business in Tokyo, Japan. Compl., ¶¶ 1-2. Since 2001, Plaintiff has operated a social networking website known today as Samurai Social Network. *Id.* ¶ 3.

Defendant is a Delaware corporation with a principal place of business in Palo Alto, California. *Id.* ¶ 4. Defendant runs the website www.facebook.com which is the world's largest social networking website. *Id.* ¶ 5. For the majority of its existence, Defendant has operated and been located at its Palo Alto headquarters. Decl. of Reuben Chen in Support of Def.'s Motion to Transfer Venue, ¶ 2. According to Defendant, all their sources of proof and known witnesses relevant to this alleged patent infringement are located in the Northern District of California. Decl. of Michelle Cunanan in Support of Def.'s Motion to Transfer Venue, ¶ 3.

Defendant argues for transfer to the Northern District of California because the only connection between this dispute and Delaware is the Defendant's incorporation in Delaware. Facebook contends that no material events occurred and no witnesses are located in Delaware. Further, neither party in this case appears to have any offices, property, employees or records located in Delaware. Beyond matters of mere convenience, Defendant urges transfer to the Northern District of California because the significant connection between the Northern District of California and this litigation outweighs the fact that Facebook is incorporated in Delaware.

Mekiki argues that a plaintiff's choice of forum is a paramount consideration and should not be disturbed. Additionally, in balancing the relevant considerations, Plaintiff contends that the private and public interest factors do not support a transfer.

II. **Discussion**

   a. Legal Standard

This Court has the authority to transfer this action, in its discretion, to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that a district court may transfer a civil action "for the convenience of parties and witnesses, in the interest of justice" to a district in which the action might have been brought. 28 U.S.C. § 1404(a). However, the plaintiff's choice of forum should not be lightly disturbed. *See Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995). Accordingly, the moving party has the burden to establish that the proposed transferee forum is a proper forum and that a balancing of the proper interests weighs in favor of transferring the case there. *See id.* at 879; *see also Job Haines Home for the Aged v. Young*, 936 F. Supp. 223, 227 (D.N.J. 1996) ("'The moving party [pursuant to § 1404(a)] must thus prove that "its alternative forum is not only adequate, but more convenient than the present forum.'" (quoting *Hudson United Bank v. Chase Manhattan Bank*, 832 F. Supp. 881, 888 (D.N.J. 1993))).

   b. Analysis

As an initial consideration, this Court must determine if the Northern District of California is a "district in which this action might have been brought" pursuant to section 1404(a). A district is one in which an action "might have been brought" if that district has (1) subject matter jurisdiction over the claims; (2) personal jurisdiction over the parties; and (3) is a proper venue. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970); *High River Ltd.*

3

*P'ship v. Mylan Laboratories, Inc.,* 353 F. Supp. 2d 487, 493 (M.D. Pa. 2005); *CIBC World Mkts., Inc. v. Deutsche Bank Sec., Inc.*, 309 F. Supp. 2d 637, 643-44 (D.N.J. 2004). The Third Circuit made clear in *Shutte v. Armco Steel Corp.* that the relevant considerations in a section 1404(a) analysis are jurisdiction and venue:

> [A] transfer is authorized by [§ 1404(a)] only if the plaintiff had an 'unqualified right' to bring the action in the transferee forum at the time of the commencement of the action; i.e., venue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all of the defendants."

*Shutte*, 431 F.2d at 24.

The Court finds that the Northern District of California is a district where this action could have been brought. Plaintiff could have brought this claim for patent infringement in the Northern District of California as Defendant resides in Palo Alto, California which is within the Northern District of California. Further, Facebook contends that Palo Alto is the location of the source of the alleged infringement. Cunanan Decl., ¶ 2. As such, no party claims that this action could not have been brought in the Northern District of California.

Next, the Court must determine if the Defendant has established that the Northern District of California is the more appropriate and convenient forum to hear this matter. Although emphasizing that "there is no definitive formula or list of factors to consider," the Third Circuit has set forth a variety of private and public interests for the Court to consider in determining whether to transfer this case under section 1404(a). *Jumara*, 55 F.3d at 879.

The private interests include: (1) plaintiff's forum preference; (2) defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of witnesses to the extent that they may be unavailable for trial in one of the fora;

4

and (6) the location of sources of proof such as books and records to the extent that the records could not be produced in the alternative forum. *See, e.g., Jumara*, 55 F.3d at 879.

The public interests to consider include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local disputes at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *See, e.g., Jumara*, 55 F.3d at 879.

In considering the above factors, the Court finds that the relevant interests weigh in favor of transferring this case to the Northern District of California. Plaintiff correctly argues that substantial deference is typically given to Plaintiff's choice of forum. However, in this case, the Court affords less deference to Plaintiff's forum choice. First, Delaware is not Plaintiff's "home" forum. The rule deferentially viewing a plaintiff's choice of forum is premised on an assumption that a home forum is inherently more convenient than a transferee forum. *Lony v. E.I. DuPont de Nemours & Co.*, 886 F.2d 628, 634 (3d Cir. 1989). In this case, Plaintiff's principal place of business is in Tokyo, Japan, making significant travel for Plaintiff inevitable whether the case proceeds in Delaware or California. However, for Facebook, which is located in California, litigating in Delaware will require substantial travel, expense, and inconvenience with little, if any, benefit to Plaintiff. Thus, in cases like the instant one where a lawsuit is brought in a district that is not the Plaintiff's home forum, Plaintiffs choice is given less weight. *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 521 (D.N.J. 1998).

Additionally, the Court affords less deference to Plaintiff's forum choice because the operative facts of this lawsuit occurred outside of Delaware. *Eagle Traffic Control v. James Julian, Inc.*, 933 F. Supp. 1251, 1259 (E.D. Pa. 1996) (noting that "courts consistently hold that a '[plaintiff's] choice is deserving of less weight where none of the operative facts of the action occur in the forum selected by the plaintiff.'"). Facebook contends that Plaintiff's claims of alleged infringement have not occurred in Delaware as the acts giving rise to the dispute—the development of Facebook's services which alleged used Mekiki's patent—occurred at Facebook's headquarters in Palo Alto. Plaintiff does not dispute that that claims for infringement did not originate in Delaware but instead shifts the focus to the location of Facebook's users in Delaware in attempt to show contacts with Delaware. However, as the forum has not been shown to be connected to the "making, using, or selling" of Mekiki's infringed patent, Plaintiff's choice is entitled to less deference.

Mekiki's main reason for choosing to litigate in this forum is that the Defendant is a Delaware corporation.[1] However, it is clear that a party's incorporation in Delaware is not dispositive of a motion to transfer. *See APV N. Am., Inc. v. Sig Simonazzi N. Am., Inc.*, 295 F. Supp. 2d 393, 398-99 (D. Del. 2002) ("Where an alternative forum is more convenient and has more substantial connection with the litigation incorporation in Delaware will not prevent transfer."). In fact, when a Plaintiff's choice of forum is not his "home turf" and one which has no connection to the operative facts of the lawsuit, "the convenience to the plaintiff of litigating in his chosen forum is not as great [and] [t]his reduction in convenience lessens the defendant's burden to show that the balance of convenience favors transfer." *Kirschner Bros. Oil, Inc. v.*

---

[1] Mekiki also argues that beyond Facebook's incorporation in Delaware this forum is appropriate because Facebook has a meaningful presence in Delaware based on Facebook's prior unrelated litigation in Delaware. Facebook's presence, however, in Delaware as a defendant in other unrelated lawsuits is irrelevant to this motion to transfer and not included as a factor this Court should consider in such a motion.

*Pannill*, 697 F. Supp. 804, 806 (D. Del. 1988). In the instant case, Defendant has shown that transferring the case would favor the overall convenience of the parties and witnesses. Defendant is headquartered in California with the majority of its employees, servers, and records located within the Northern District of California. All of Facebook's sources of proof and known witnesses are also located in the Northern District of California. Cunanan Decl. ¶ 3; Chen Decl., ¶ 8. Additionally, Defendant acknowledges that there may be potential non-party witnesses located in California which would be subject only to the subpoena power of that court. Further, Facebook maintains that there are no witnesses, documents or evidence located in Delaware. Cunanan Decl., ¶ 4; Chen Decl., ¶ 8. Notably, Mekiki has not identified any witnesses, records or evidence in Delaware. As such, the lack of connection to Delaware deems the state of incorporation of the Defendant of less significance.

Furthermore, considering the physical distance of both parties to Delaware, it is clear that litigating this matter in the Northern District of California would be significantly more convenient and less burdensome for Defendant and, for all practical purposes, equally convenient for Plaintiff.[2] Therefore, having considered all of the relevant *Jumara* factors, the Court finds that transfer of this matter is appropriate and in the interest of justice.

---

[2] Notably, Mekiki provided no arguments why a transfer to the Northern District of California would create an inconvenience for the Plaintiff. Instead, Plaintiff focuses on disputing the weight given to Defendant's convenience arguments. Presumably, transferring the case to the Northern District of California then to some extent conveniences both parties.

III.	**Conclusion**

For the reasons set forth above, Defendant's motion to transfer is granted. An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated:  June 7, 2010