UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEKIKI CO., LTD., ET AL., <br><br> Plaintiffs, <br> v. <br><br> FACEBOOK, INC., <br><br> Defendant. | Case No.: 10-CV-02721-LHK <br><br> ORDER GRANTING UNOPPOSED MOTION TO STAY PENDING REEXAMINATION UNTIL MAY 9, 2011 <br><br> (re: dkt. #66) |

Presently before the Court is Defendant's motion to stay pending reexamination of the three patents-in-suit: U.S. Patent No. 6,879,985 ('985 Patent); U.S. Patent No. 7,493,342 ('342 Patent); and U.S. Patent No. 7,496,603 ('603 Patent). *See* Dkt. #66. Plaintiff has filed a Statement of non-opposition, agreeing that a stay pending patent reexamination is appropriate and will preserve both the parties' and the Court's resources. *See* Dkt. #69. The Court finds this matter appropriate for resolution without oral argument. *See* Civ. L. R. 7-1(b). Accordingly, the April 14, 2011 motion hearing is vacated.

A district court has discretion to stay judicial proceedings pending reexamination of a patent. *See Amado v. Microsoft Corp.*, 517 F.3d 1353, 1358 (Fed. Cir. 2008). When ruling on a motion to stay, courts consider several factors: (1) the stage of the litigation, including whether discovery is, or is near, completion and whether the matter is close to trial; (2) whether a stay will unduly prejudice the nonmoving party; and (3) whether a stay will simplify the issues in question

1

Case No.: 10-CV-02721-LHK
ORDER GRANTING UNOPPOSED MOTION TO STAY PENDING REEXAMINATION

and help streamline the litigation.  *See, e.g.*, *In re Cygnus Telecomms. Tech., LLC, Patent Litigation*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (Whyte, J.).

On February 7, 2011, Defendant filed a request with the PTO seeking *inter partes* reexamination with respect to each of the three patents-in-suit.  Defendants seek a limited stay of the action before this Court only "until the issuance of the first Office Action by the U.S. Patent and Trademark Office ('PTO')," which is expected on May 9, 2011, about two months from the date of this Order.  At the Case Management Conference on March 16, 2011, Plaintiffs clarified that they, too, only seek a stay for the limited period until May 9, 2011.  Moreover, in the event the PTO issues a reexamination order and a first Office Action, both parties have agreed to file a joint stipulation of dismissal without prejudice.  That stipulation of dismissal without prejudice is to include an express tolling agreement to preserve Plaintiffs' rights with respect to damages, and to preserve Defendant's rights with respect to any counterclaims.

Under these narrow circumstances, where the case is still in its early stages of litigation, where Defendant seeks a stay only for a limited two-month period of time, where Plaintiff has filed a non-opposition to the motion, and where the parties have agreed to stipulate to a dismissal of the action without prejudice (with a tolling agreement) in the event of PTO reexamination, the Court finds a stay for a limited time period appropriate.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for stay is GRANTED.  The Court orders that all proceedings before the Court are stayed until May 9, 2011 (the expected date by which the PTO will issue its decision on the petitions for reexamination and issue its first Office Action).  The April 14, 2011 motion hearing is VACATED.

2. The deadlines for filing the joint claim construction and pre-hearing statement (April 1, 2011), completing claim construction discovery (May 6, 2011), and filing the opening claim construction briefs (May 16, 2011) are VACATED.

3. If the PTO issues a reexamination order and a first Office Action, the parties will file a joint stipulation of dismissal WITHOUT PREJUDICE by May 11, 2011, which shall

include an express tolling agreement to preserve Plaintiffs' rights with respect to damages, and to preserve Defendant's rights with respect to any counterclaims.

4. If the PTO issues a reexamination order, but does not simultaneously issue a first Office Action, the parties will so inform the Court by May 11, 2011. In this event, the parties should also inform the Court of the date by which the PTO will issue its first Office Action, if that date is available.

5. A further case management conference is scheduled for Wednesday, May 25, 2011 at 2:00 p.m. A joint case management statement, which shall include an expedited case schedule, is due by Wednesday, May 18, 2011. However, if the parties timely file their stipulation of dismissal without prejudice, the Court will vacate the May 25, 2011 case management conference.

**IT IS SO ORDERED.**

Dated: March 21, 2011

_Lucy H. Koh_
LUCY H. KOH
United States District Judge